# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Civil No.: 3:21-cv-00486-MOC-SCR

SYCURIO LIMITED and SYCURIO, INC.,

    Plaintiffs,

v.

PCI PAL (U.S.) INC.,

    Defendant.

## ORDER ON MOTION TO COMPEL

**THIS CAUSE** came before the Court on Defendant PCI Pal (U.S.) Inc.'s ("PCI Pal") motion raised at the May 2, 2023 telephone discovery conference to compel Plaintiffs to produce certain categories of documents stemming from an ongoing arbitration between Plaintiffs and a non-party entity involving one or more of the patents asserted in this case (the "Asserted Patents") (the "Ongoing Arbitration"). During the proceedings, PCI Pal also raised certain categories of documents stemming from a prior litigation between Plaintiffs and a non-party entity involving a related foreign counter-part patent (GB2473376 – the "Related Foreign Patent") (the "Prior Litigation"). As an initial matter, the Court finds that the mere existence of the Ongoing Arbitration and the identity of the other party to the Ongoing Arbitration are not properly designated as HIGHLY CONFIDENTIAL, ATTORNEY EYES ONLY under the Protective Order entered in this case.[1] (*See*, *e.g.*, ECF 44). Therefore, Sycurio's counsel may disclose to PCI Pal

---

[1] The Confidentiality Undertaking entered by the Tribunal in the Ongoing Arbitration is governed by the laws of the foreign arbitration entity overseeing that proceeding. For the purposes of this Order, the Court is mindful of its limited role and has not interpreted or applied that document. However, the Court notes that it contains similar language that is not in conflict with the Order.

the existence of the arbitration and the name of the other party involved therein.

For good cause shown, the Court further finds that PCI Pal's motion should be granted in-part as follows:

1. Prior the date of this Order, Sycurio produced the following materials relating to claim construction issues stemming from the Ongoing Arbitration: claim construction-related briefing and positions (with exhibits and declarations) exchanged and submitted by the parties; transcripts of the claim construction and technology tutorial hearings; and the Arbitration Tribunal's claim construction order;

2. Within five (5) days from the date of this Order, Plaintiffs shall produce any remaining non-privileged submissions, pleadings, declarations, reports, contentions or materials otherwise part of the record in the Ongoing Arbitration relating to claim construction, to the extent such materials exist and can be located upon reasonable investigation;

3. Within eighteen (18) days from the date of this Order, Sycurio shall produce the following documents to the extent they exist, are in Sycurio's possession, custody or control, and can be located upon reasonable investigation:

    a. Plaintiffs' infringement contentions based on the Asserted Patents or Related Foreign Patent that were created for the Ongoing Arbitration or Prior Litigation; such materials are properly designated HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY;

    b. Plaintiffs' non-privileged internal communications relating to Plaintiffs' infringement contentions (or responses thereto) created for the Ongoing Arbitration or Prior Litigation;

    c. Non-privileged communications between Plaintiffs and the non-party relating

to Plaintiffs' infringement contentions (or responses thereto) created for the Ongoing Arbitration or Prior Litigation;

d. Prior to the date of this Order, Plaintiff produced the license agreement stemming from the Prior Litigation. Plaintiff will produce the settlement agreement stemming from the Prior Litigation; such agreement shall be properly designated HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY;

e. Prior art identified by or to Plaintiffs in connection with the Prior Litigation;

f. Non-privileged communications between Plaintiffs and the non-party stemming from the Prior Litigation or Ongoing Arbitration relating to prior art or issues of validity/invalidity (including indefiniteness or non-enablement defenses);

g. Plaintiffs' non-privileged communications (internal or external) relating to prior art or issues of validity/invalidity (including indefiniteness or non-enablement defenses); and

h. All expert reports or expert declarations/affidavits submitted by Plaintiffs on issues of infringement/non-infringement, validity/invalidity, or damages in the Prior Litigation and Ongoing Arbitration.

**SO ORDERED**.

Signed: May 9, 2023

_____
Susan C. Rodriguez
United States Magistrate Judge